UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Bruce Munro and Bruce Munro Studio,

Plaintiffs,

v.

Lucy Activewear, Inc., Lucy Apparel, LLC, VF Outdoor, Inc., and VF Corporation,

Defendants.

Case No. 0:16-cv-00079-JRT-KMM

ORDER

The Court held a telephonic conference on August 22, 2018, to discuss the management of this litigation following a remand from the Eighth Circuit Court of Appeals. (Mins. of Hr'g, ECF No. 90; Opinion of USCA, ECF No. 85.) The Eighth Circuit largely affirmed the district court's ruling in dismissing certain claims and in denying the Plaintiffs' Motion to Amend the Complaint. However, the Eighth Circuit reversed the District Court's decision, in one respect, concluding that the District Court erred in denying leave to amend with respect to one of the Plaintiffs' claims related to trademark.[1] (Opinion of USCA at 9–11.) Accordingly, the Eighth Circuit remanded this case for further proceedings.

During the status conference, the Plaintiffs asked the Court to permit the proposed Amended Complaint to be filed so that the litigation could become active once again, and so that a newly added defendant, Mono Advertising LLC,

---

[1] Specifically, the Eighth Circuit concluded that the District Court erred in finding that the Plaintiffs' proposed trademark infringement claim regarding the name of certain light installations was futile. The court explained that "Munro pled these facts [regarding Plaintiffs' artworks' names serving a source-identifying function for the installations] in his amended complaint and his proposed second amended complaint." (ECF No. 85 at 10.) The court further "reverse[d] the denial of Munro's motion to amend his complaint with respect to this claim." (*Id.* at 11.)

1

counsel be added. In contrast, the Defendants argued that the Plaintiffs should be required to file a new motion to amend the complaint that "cleans up" the Proposed Amended Complaint at ECF No. 51-1. The Proposed Amended Complaint includes certain claims that are no longer part of the litigation, in light of the Eighth Circuit's ruling. The Defendants asserted that matters would be more clear if those claims were excised from the Amended Complaint entirely prior to it being filed with the Court. The Court denied the Defendants' oral motion, determining that it would issue an Order instructing the Clerk's Office to docket the Proposed Amended Complaint as a separate entry and deeming it the operative pleading in the case.

On August 24, 2018, the Defendants filed a letter pursuant to D. Minn. LR 7.1(j), asking the Court for permission to file a motion for reconsideration of that oral ruling. (ECF No. 88.) In support of this request Defendants assert that "the Court should not allow an amended complaint to be filed that is inconsistent with the Eighth Circuit's directive," meaning its decision affirming the dismissal of various claims. (*Id.*) In addition, the Defendants contend that it would be improper to deem the Proposed Amended Complaint the operative pleading because it contains claims against Mono Advertising, LLC, a party that has not been served with a summons. (*Id.* at 2.) The Court's decision would therefore "force" Defendants "to bring a second motion to dismiss claims that have already been dismissed by the Court" as well as "any claims asserted against mono." (*Id.*). The Court sought a letter response from the Plaintiffs, which was received on August 27, 2018. (ECF No. 89.)

A district court has broad discretion in determining whether to allow a party to file a motion to reconsider. *Eckerson v. Blowers*, No. 07-cv-984, 2008 WL 239556, at *1 (D. Minn. Jan. 29, 2008). To obtain permission to file such a motion requires a party to show "compelling circumstances." D. Minn. LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

The Defendants' request for permission to file a motion for reconsideration is denied. The Defendants point out no error of law or fact in the Court's oral ruling. Nor do the Defendants rely on any newly discovered evidence. Their request functions only as a disagreement with the Court's decision about an issue of case management. Such a disagreement fails to demonstrate compelling circumstances that would justify the filing of a motion for reconsideration.

More important than this procedural barrier, however, are the merits of the issue. The Defendants cite no authority for the proposition that the Plaintiffs should be required to file a new version of the Amended Complaint, subject to the Defendants' approval, that redacts the claims that are no longer part of the case. The Defendants' concerns about the effect of the Court's oral ruling are misplaced. Though the Defendants assert that they will be required to file a new motion to dismiss because the Proposed Amended Complaint contains claims that have been dismissed, they cite no authority for the proposition that the Court's oral ruling will have the effect of reinstating those claims. Nothing in this Court's oral ruling suggested that it was reviving such dismissed claims, and nothing in this Order could be read to suggest as much. Parties are often in the position of litigating a case using a version of a complaint from which certain counts have been dismissed, and the Court's oral ruling places the Defendants in exactly that position. Indeed, that result is entirely consistent with the Eighth Circuit's decision that the Plaintiffs adequately pled a trademark infringement claim and reversed the District Court's denial of the Plaintiffs' motion to amend "with respect to this claim." (ECF No. 85 at 11.)

The Defendants' concerns regarding the claims against Mono Advertising in the Proposed Amended Complaint are also unfounded. The fact that the Defendants or Mono may believe that the Proposed Amended Complaint fails to state a claim against Mono in one or more respects does not render the Court's conclusion erroneous. If the Plaintiffs serve Mono after the Proposed Amended

Complaint is docketed, Mono can surely pursue whatever legal remedies are available to it.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The Clerk's Office is directed to create a new docket entry for the Proposed Amended Complaint at ECF No. 51-1. Upon the creation of that new docket entry, the Court deems the Proposed Amended Complaint the operative pleading in this case.

2. Defendants' letter request (ECF No. 88) for permission to file a motion for reconsideration of the Court's oral ruling during the August 22, 2018 telephone conference is **DENIED**.

Date: August 28, 2018

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge